UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYWAN EDWARDS,<br><br>             Plaintiff,<br>v.<br><br>BRIAN STEWART, COLIN KEARNS, and<br>HAMDEN POLICE DEPARTMENT,<br><br>             Defendants. | 3:15-cv-01257 (CSH) |

**RULING ON MOTION TO DISMISS**

HAIGHT, Senior District Judge:

      Plaintiff initially brought this action in Connecticut Superior Court on August 6, 2015, alleging that Defendants—the Hamden Police Department ("HPD"), one of its detectives, and one of its sergeants—engaged in tortious and unconstitutional activity related to Plaintiff's arrest in July 2013.  Defendants removed the action to this Court on August 21, 2015, on the basis that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  In removing this action, Defendants asserted that Plaintiff alleged violations of rights secured to him by the United States Constitution, and that he was thereby bringing claims pursuant to §§ 1983 and 1988 of Title 42 of the United States Code.

      Plaintiff asserts nine separate claims in his complaint.  Although the proffered causes of action are not identified with clarity, it is clear that Counts I, II, IV, V, VII, and VIII are purely state law causes of action with no reference to any federal authority.  The remaining counts, however, do refer to federal law.  Specifically, Counts III, VI, and IX against Defendants Stewart, Kearns, and HPD, respectively, each allege as follows:

> In carrying out the acts and omissions described above, the Defendant . . . knew or should have known that said acts and omissions would cause the Plaintiff to suffer great and severe mental and emotional distress, pain and anguish.
>
> The acts and omission of the Defendant . . . described above are outrageous and shocking to the conscience.
>
> In the manner described herein, the Defendant deprived the Plaintiff of his right to be free from unreasonable arrest, unreasonable search and seizure and the deprivation of the due process of law. All these rights are secured to the Plaintiff by the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and by Title 42, United States Code, Sec. 1983 and 1988.

Doc. 1, at 5, 8, 10-11.[1]

On December 23, 2015, Defendants moved for partial dismissal of the action. Doc. 17. In so doing, Defendants made efforts to describe the causes of action that they thought "plaintiff's complaint appears to allege." Doc. 17-1, at 2. It was Defendants' view, reasonable enough given the language I have quoted, that Plaintiff's Counts III, VI, and IX each brought three separate causes of action: (i) intentional infliction of emotional distress; (ii) unlawful arrest and/or malicious prosecution in violation of the Fourth Amendment to the U.S. Constitution; and (iii) violation of the due process clause of the Fourteenth Amendment to the U.S. Constitution.

However, in opposition to the motion to dismiss, Plaintiff makes clear what those Counts are, and, more importantly, what they are not. He identifies them as causes of action exclusively for intentional infliction of emotional distress under state tort law. Doc. 22-1, at 1-2; *see also id.* at 5 ("Regardless of the defendant's characterization, Counts three and six assert emotional distress claims against Stewart and Kearns"). Plaintiff then states as follows:

---

[1] The ultimate paragraph from that selection, repeated nearly verbatim three times in the pleading, is the Complaint's only reference to federal law.

> While the plaintiff's Constitutional rights are averred in addition to the facts upon which the claim is based, as well as the elements of the claim, in paragraph 19 of each of Counts three and six, ***it is done so by way of illustration, rather than the basis upon which the plaintiff asserts his claim versus each respective defendant***.

Doc. 22-1, at 5-6 (emphasis added). Plaintiff therefore makes clear that Counts III and VI are not brought under any source of federal law. Nor can Count IX be construed to contain an actionable reference to federal law. This is because Plaintiff offered no substantive rebuttal to Defendants' argument that Count IX should be dismissed in light of the fact that suits may not be instituted against municipal police departments. Nor could he have.[2]

Accordingly, Plaintiff presses no federal cause of action. Therefore, as Plaintiff's counsel explicitly acknowledges, this case does not "aris[e] under the Constitution, laws, or treaties of the United States," as required where 28 U.S.C. § 1331 serves as a jurisdictional source. Moreover, Defendants do not identify any other basis upon which this Court might have subject matter jurisdiction. Therefore, this Court is required to dismiss this purely state law case.

---

[2] It is basic under both federal and Connecticut law that municipal police departments are not entities capable of being sued. As stated by Judge Bryant in *Rose v. City of Waterbury*:

> It is elemental that in order to confer jurisdiction on the court [a party] must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue [or be sued]. . . . Courts in Connecticut have held that the Connecticut General Statutes contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued. . . . Rather, pursuant to Connecticut enabling legislation, it is the municipality itself which possesses the capacity to sue and be sued. . . . Further, it is well established that a municipal police department is neither a municipality nor a 'person' within the meaning of 42 U.S.C. § 1983.

2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) (internal citations and quotations omitted).

\*   \*   \*

In light of the foregoing, Defendants' partial motion to dismiss is GRANTED IN PART, only as to Count IX, and is otherwise DENIED AS MOOT in light of the Court's lack of subject matter jurisdiction over this action. Counts I-VIII of Plaintiff's complaint are thereby DISMISSED WITHOUT PREJUDICE to being reasserted in an appropriate jurisdiction. Count IX is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close the file.

**It is SO ORDERED.**

**Dated: New Haven, Connecticut
July 14, 2016**

    */s/ Charles S. Haight, Jr.*
**Charles S. Haight, Jr.
Senior United States District Judge**